UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH ANTHONY MATIS, SR., ET AL | CIVIL ACTION |
| VERSUS | NO: 05-2615 |
| SGT. AVERY PETER JOSEPH, ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

The Motion for Partial Summary Judgment (Doc. #127) by LaShon Nichelle Johnson and St. Paul Fire and Marine Insurance Company is **GRANTED**.

### BACKGROUND

Plaintiff Joseph Anthony Matis, Sr. filed this civil rights suit to recover damages arising from suicide of his son, Michael Anthony Wajda, while he was in the custody of the St. James Youth Center. The background facts are recited in the court's Order and Reasons (Doc. # 74) filed January 17, 2007, and are not repeated here.

The motion before the court concerns two issues: whether, in this civil rights suit, plaintiff can recover wages that his son would have earned over a normal life expectancy, and whether

plaintiff can recover punitive damages.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[1] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[2]

### B. Lost Wage Claim

Defendants have filed a motion for partial summary judgment, seeking a determination that plaintiff does not have a claim for future lost wages.

The Fifth Circuit has noted that 42 U.S.C. §1983 "does little more than create a cause of action."[3] Congress intended for the civil rights statutes, including 42 U.S.C. §1983, to serve a general function, and enacted 42 U.S.C. §1988 to govern the choice of law in cases brought under the civil rights statutes.[4] Under 42 U.S.C. §1988, federal courts must determine whether to fill a

---

[1] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[2] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[3] *Delesma v. City of Dallas*, 770 F.2d 1334, 1336 (5th Cir. 1985).

[4] *Delesma*, 770 F.2d at 1336.

deficiency in the civil rights acts by borrowing a state rule.[5]  Section 1983 does not on its face set forth a survival action or an action for wrongful death.  In such situations, the most analogous state law is then applied as the federal rule unless that law is inconsistent with the purposes of Section 1983.[6]  Further, the Fifth Circuit has held that section 1988 incorporates survival and wrongful death remedies into section 1983.[7]

Plaintiff urges that this court override Fifth Circuit precedent and apply the reasoning of *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990) which held that because Oklahoma law did not provide suitable remedies upon which to fashion an award for a civil rights violation, the court would fashion a remedy.  The *Berry* case is distinguishable; the federal court supplied its own remedy because the state law provided no remedy.  In this matter, Louisiana law provides a limited remedy to plaintiff, which is consistent with the compensatory function of 42 U.S.C. §1983.

*1. Survival Action*

Louisiana Civil Code article 2315.1 provides that certain classes of persons may recover damages for injury sustained by the deceased.  The Supreme Court of Louisiana has held:

> The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the

---

[5]*Delesma*, 770 F.2d at 1337 (citations omitted).  *See also Rhyne v. Henderson Co.,* 973 F.2d 386, 390-91 (5th Cir. 1992)(courts look to state law to determine who may recover under 42 U.S.C. §1983) and *Roberts v. City of Shreveport*, 221 Fed. Appx. 314, 315 (5th Cir. 2007) (relying upon Louisiana's survival and wrongful death statutes when finding that mother had no standing to pursue 42 U.S.C. §1983 claim arising from death of son).

[6]*Burnett v. Grattan*, 468 U.S. 42 (1984).

[7]*See Rhyne*, 973 F.3d at 390-91; *Flores v. Cameron Co., Tex.*, 92 F.3d 258, 271 (5th Cir. 1996) and *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).  *See also Robertson v. Wegmann,* 436 U.S. 584, 593-94 (1978)(wherein the Supreme Court expressly validated the use of Louisiana survival statutes in a Section 1983 action); *Moor v. County of Alameda*, 93 S.Ct. 1785, 1790 (1973); *Brazier*, 293 F.2d at 405-06.

3

> victim's death. The survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. It is in the nature of a succession right. On the other hand, the wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries, separate and distinct from the primary victim's injuries.[8]

Plaintiff's claim for the lost wages that his son would have earned had he lived is a claim for damages suffered by the victim. Recovery by the survivors for the victim's damages is authorized in a survival action, but recovery is limited to the victim's damages up to the time of death. Therefore, while under Louisiana law plaintiff may bring a survival action, his claim would not include a claim for lost wages because Louisiana's survival action permits recovery only for damages sustained up to the moment of death.[9]

The court concludes as a matter of law, that under 42 U.S.C. §1983, plaintiff has no claim to his son's future lost wages as part of a survival action.

*2. Wrongful Death*

Louisiana Civil Code article 2315.2(A)(2) provides that when a person dies due to the fault of another, leaving no surviving spouse or children, parents of the decedent may bring suit to recover the damages which they sustained as a result of her death. A wrongful death action is intended to compensate the deceased's loved ones for the losses they sustained as a result of the death. "While it is impossible to place a monetary value on the life of a child, our jurisprudential system has established that a monetary award is the appropriate remedy to one who has suffered the loss of a

---

[8] *McGee v. AC&S, Inc.*, 933 So.2d 770, 780 (La. 2006).

[9] *McGee,* 933 So.2d at 780. *See also Hollingsworth v. State, DOTD*, 663 So.2d 357, 361 (La. App. 3rd Cir. 1995), *writ den.*, 666 So.2d 322 (La. 2006).

4

loved one as a result of the negligence of another."[10]  The elements of damages for wrongful death are loss of love and affection, loss of services, loss of support, medical expenses, and funeral expenses.[11]

While, under Louisiana law, future earnings may be relevant in considering loss of support,[12] plaintiff has not alleged that he was financially dependent upon his son or that he had any expectations that he would have been supported by his son had his son lived.  Further, plaintiff has provided no evidence to support a claim for loss of support.[13]  The court finds that as a matter of law, plaintiff has no claim under 42 U.S.C. §1983 for loss of his son's support arising from his alleged wrongful death.[14]

## C. Punitive Damages Claim

The federal courts are not bound by the pleadings and may fashion any relief appropriate under the circumstances.[15]  Further, under Fed. R. Civ. Proc. 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleading."  This rule imposes upon the court a duty to "grant the relief

---

[10] *Anderson v. New Orleans Pub. Serv., Inc.*, 583 So.2d 829, 833 (La. 1991).

[11] *Todd v. Sauls*, 647 So.2d 1366 (La. 3rd Cir. 1994), *writ denied*, 651 So.2d 289 (La. 1995).

[12] *See e.g., Nigreville v. Federated Rural Electric Ins. Co.,* 642 So.2d 216 (La. App. 3rd Cir.1994)

[13] Factors which should be weighed in determining the amount due for loss of support include the decedent's present earnings, age and life expectancy, worklife expectancy, the possibility of a decrease or increase in earnings, the decent's job security, the nature of decedent's work, health, relationship with his family, personal expenses and past work record.  *Nigreville*, 642 So.2d at 222 (citations omitted).

[14] The court is not ruling on whether plaintiff has a claim for loss of love and affection, loss of services, medical expenses and funeral expenses.

[15] *Baltezore v. Concordia Parish Sheriff's Dept.*, 767 F.2d 202, 207 (5th Cir. 1985); Fed. R. Civ. Proc. 54(c).

to which the prevailing party is entitled, whether it has been demanded or not."[16]  "The only exception to this rule is if plaintiff's failure to demand the appropriate relief has prejudiced his adversary.  Consequently, the prayer for relief does not determine what relief ultimately will be awarded."[17]

Awards for punitive damages are permitted against a government officer in his or her individual capacity "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[18]  The latter standard requires "recklessness in its subjective form," i.e., "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations."[19]

Plaintiff's complaint and its amendments do not contain an allegation that defendant's conduct "was motivated by evil motive or intent," or involved "reckless or callous indifference to the federally protected rights of others."  There is nothing in plaintiff's complaint and its amendments that fairly put defendants on notice of a claim for punitive damages.  Although the conduct of Nurse Lashon has been a central issue in this litigation from the outset, plaintiff's allegations as to her conduct do not put defendants on notice of a claim for punitive damages.[20]  To

---

[16]Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d,* §2664, p. 174 (1998).

[17]*Id.* at 175-79.

[18]*Smith v. Wade*, 461 U.S. 30, 56 (1983).

[19]*Williams v. Kaufman Co.*, 352 F.3d 994, 1015 (5th Cir. 2003)(citations omitted).

[20]Paragraph 16 of the Complaint (Doc. #1) alleges:

> That in violation of Michael Anthony Wadja's rights under the Fourth and Fourteenth Amendments, and with a total indifference to Michael Anthony Wajda's safety, the Defendants, and

do so at this late juncture would unduly prejudice the defendants. The court finds no disputed material issue of fact, and GRANTS summary judgment, finding that as a matter of law, plaintiff has not alleged a claim for punitive damages.

**D. Conclusion**

The court **GRANTS** defendants' motion for partial summary judgment and finds that plaintiff has no claim for future lost wages under 42 U.S.C. §1983 and that plaintiff has not alleged a claim for punitive damages.

New Orleans, Louisiana, this   14th   day of August, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

each of them, were guilty of one or more of the following wrongful acts and/or omissions to act:

Defendant, LaSHON NICHELLE JOHNSON, a Licensed Practical Nurse, failed to assure decedent received his medication, adequate counseling and observation in view of decedent's mental history and diagnosis[.]